UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS GARRY WHITTIE,

        Plaintiff,

v.                                CIVIL CASE NO. 03-60219
                                   HON. MARIANNE O. BATTANI

CITY OF HAMTRAMCK, et al.,

        Defendants.

_____/

OPINION AND ORDER DENYING DEFENDANTS
SCHIMMEL AND TURNER'S MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

Before the Court is defendant Louis H. Schimmel and Melvin E. Turner's Motion for Reconsideration of the Court's June 6, 2005, Opinion and Order Granting in Part and Denying in Part the Parties' Cross Motions for Summary Judgment (Doc. # 44). Specifically, defendants Schimmel and Turner request this Court to reconsider their entitlement to qualified immunity based on their lack of a role in the decisions to take disciplinary action against Plaintiff, and because the Michigan Whistleblower Statute does not contemplate individual liability. MICH. COMP. L. ANN. § 15.361 *et seq*. Pursuant to Local Rule 7.1(e)(2)(E.D. Mich. Sept. 8, 1998), no oral argument was heard.

**II.    STANDARD OF REVIEW**

    Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties

    have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(g)(3).

A motion for reconsideration which merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. <u>Czajkowski v. Tindall & Associates, P.C.</u>, 967 F. Supp. 951, 952 (E.D. Mich. 1997). A party moving for reconsideration bears a heavy burden. <u>Wrench LLC v. Taco Bell Corp.</u>, 36 F. Supp.2d 787, 789 (W.D.Mich.1998). In order to prevail, the movant must demonstrate: (1) the Court and the parties have been mislead by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. L.R. 7.1(g)(3). A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. <u>Fleck v. Titan Tire Corp.</u>, 177 F. Supp.2d 605, 624 (E.D. Mich. 2001); <u>Mktg. Displays, Inc. v. Traffix Devices, Inc.</u>, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

### III. ANALYSIS

    **A. Defendants Claim to Entitlement of Governmental Immunity Merely Presents the Same Issues Ruled Upon by the Court Either Expressly or by Reasonable Implication**

    Defendants contend that summary judgment should be granted in their favor because they are entitled to qualified immunity. Defendants assert that their involvement in the disciplinary proceedings did not violate any clearly established constitutional right. However, the Court finds that Whittie has produced sufficient evidence to resist summary judgment on the issue of qualified immunity.

Opinion and Order Granting in Part and Denying in Part the Parties' Cross Motions for Summary Judgment, June 6, 2005 (Doc. #43). The Court expressly ruled upon the issue of

2

governmental immunity for all Defendants after both parties presented briefs and oral arguments. There is no basis to grant Defendants' Motion for Reconsideration on this issue.

### B. Defendants Are "Employers" Under the Whistleblower Protection Act ("WPA")

Defendants contend that because the WPA requires the reinstatement of the employee, payment of back wages, reinstatement of fringe benefit and seniority rights, that individual defendants are not intended to be sued under the WPA. Because the issue was not specifically addressed in the prior order, the Court will briefly discuss Defendants' argument.

Defendants' position that individual liability is not contemplated by the WPA is belied by the unambiguous language of the Act. Under the WPA, "an agent of an employer and the state or a political subdivision of the state" is included in the definition of "Employer." MICH. COMP. L. ANN. § 15.361(b). Further, a plaintiff suing under the WPA may seek "damages for injury or loss caused by each violation of this act . . . ." Id., § 15.363(3). Damages eligible for recovery were not statutorily limited to lost wages and fringe benefits. Defendants have not presented any authority or argument that compels such a restrictive reading of the WPA. Therefore, because Defendants have failed to show that the Court committed an error which is obvious, clear, unmistakable, manifest or plain, there is no basis to grant Defendants' Motion for Reconsideration on this issue. Fleck, 177 F. Supp.2d at 624; Mktg. Displays, Inc., 971 F. Supp. at 278.

3

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant Louis H. Schimmel and Melvin E. Turner's July 5, 2005, Motion for Reconsideration is **DENIED.**

<pre>             s/Marianne O. Battani
             MARIANNE O. BATTANI
             UNITED STATES DISTRICT JUDGE</pre>

DATED: **August 12, 2005**

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Gary T. Miotke, John C. Clark, and Frederick Schmoll on this date by ordinary mail and/or electronic filing.

<pre>             s/Bernadette M. Thebolt
             CASE MANAGER</pre>